IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN R. HOFFHEINS, JR., | No. 4:25-CV-01286 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| TURNKEY LOGISTICS, LLC, DEREK K. MONTGOMERY and KRYSTAL L. MONTGOMERY, | |
| Defendants. | |

**MEMORANDUM OPINION & ORDER**

**NOVEMBER 10, 2025**

## I.  BACKGROUND

Plaintiff Brian R. Hoffheins, Jr. ("Plaintiff") and Defendant TurnKey Logistics ("Defendant") entered into an agreement where Defendant would buy back Plaintiff's ownership share in Defendant ("the Agreement").[1] Part of the Agreement, § 9(g), stated that "[a]ll efforts and expense of effectuating the terms of this agreement shall be borne by TurnKey."[2] Unfortunately, the Agreement went awry, and parties needed to submit a dispute related to the sale to arbitration. Now, Plaintiff brings a motion to compel Defendant to pay the arbitrator's fees, citing to the § 9(g) provision.[3]

---

[1]  Doc. 10-1 (Exhibit A).
[2]  *Id.* at 5.
[3]  Doc. 9 (Mot.); Doc. 10 (Br. in Supp.) at 4.

## II.     ANALYSIS

### A.     Ambiguity of § 9(g) With Respect To Arbitration

Both parties claim that § 9(g) of the Agreement unambiguously favors them. I disagree. The Court cannot say whether the phrase "[a]ll efforts and expense of effectuating the terms of this agreement" unambiguously does or does not encompass arbitration fees. Accordingly, I would turn to parol evidence to determine what parties understood the terms to mean.[4] However, Defendant, in its brief in opposition, does not provide its interpretation of the parol evidence.[5] Instead, Defendant asks for a chance to present such evidence.[6]

Accordingly, the Court will provide parties with an opportunity to present evidence of the intended definition of § 9(g) at the time of contracting.[7] Parties are

---

[4]  The Court also does not see an integration clause in the Agreement. Doc. 10-1 (Exhibit A).
[5]  Doc. 11 (Br. in Opp.) at 6-7.
[6]  *Id.* ("However, if this Honorable Court concludes that the phrase is ambiguous, the Defendants are entitled to present evidence to support their position that Paragraph 9(g) does not require that Defendants are responsible for the costs to arbitrate any dispute under the Agreement."). Defendant claims that the relevant evidence includes "the testimony of the parties to the contract and additional documentary evidence, mainly emails between the parties leading up to the execution of the Agreement." *Id.* This evidence was not submitted to the Court for the instant issue, and, thus, the Court requires further submissions before determining parties' interpretation of § 9(g) at the time of contracting.
[7]  *Reliance Ins. Co. v. IRPC, Inc.*, 904 A.2d 912, 916 (Pa. Super. Ct. 2006) ("If the contract is ambiguous, then the fact finder may look to parol evidence to determine the contract's meaning" and "[i]f examination of the parol evidence proves unfruitful, the court may then resort to rules of construction."); *Baldwin v. Univ. of Pittsburgh Med. Ctr.*, 636 F.3d 69, 78 (3d Cir. 2011) ("[W]hen a contract term is reasonably argued to be ambiguous, the better approach, and the one that is consistent with the weight of controlling authority, is to allow the parties to proffer evidence in support of alternative interpretations of the term so that the court may properly address the purported ambiguity.").

to submit proffered evidence demonstrating parties' belief that § 9(g) did or did not include arbitration expenses.[8]

### B. Ambiguity of § 9(g) with Respect to the Montgomerys

Parties additionally argue whether Derek and Krystal Montgomery must pay the arbitrator's fees. Whatever § 9(g) covers, it unambiguously refers only to Turnkey.[9] The provision makes no reference to the Montgomerys. Any obligation the Montgomerys may have for Turnkey's debts is therefore independent of § 9(g).[10]

## III. CONCLUSION

Parties, specifically Defendant, are to submit evidence demonstrating the interpretation of § 9(g) at the time of contracting by 5:00 PM on November 26, 2025. An additional hearing will be ordered, only if necessary.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[8] Unlike Defendant, Plaintiff has already submitted and analyzed parol evidence in his brief in support. Doc. 10 (Br. in Supp.); Doc. 10-1 (Exhibit A); Doc 10-2 (Exhibit B); Doc 10-3 (Exhibit C). Plaintiff is not required to submit additional evidence or argument, but may do so if he wishes.

[9] Doc. 10-1 (Exhibit A) ("All efforts and expense of effectuating the terms of this agreement shall be borne by TurnKey.").

[10] Parties have not presented sufficient information about the Montgomerys' involvement with TurnKey for the Court to order them to pay for TurnKey's obligations. In § 9(g) alone, there is no reference to the Montgomerys. Accordingly, if it is determined that TurnKey is responsible for the arbitrator's fees, whether the Montgomerys are personally liable for that debt as owners would be a question for another day after further submissions by parties.