IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN R. HOFFHEINS, JR., | No. 4:25-CV-01286 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| TURNKEY LOGISTICS, LLC, DEREK K. MONTGOMERY and KRYSTAL L. MONTGOMERY, | |
| Defendants. | |

MEMORANDUM OPINION

DECEMBER 17, 2025

## I.  BACKGROUND

Plaintiff Brian R. Hoffheins, Jr. ("Plaintiff") entered into an agreement with Derek and Krystal Montgomery ("the Montgomerys") for the sale of TurnKey Logistics ("TurnKey") (the Montgomerys and TurnKey collectively referred to as "Defendants") where the Montgomerys would buy back Plaintiff's ownership share in TurnKey ("the Agreement").[1] Part of the Agreement, at § 9(g), stated that "[a]ll efforts and expense of effectuating the terms of this agreement shall be borne by TurnKey"[2] ("§ 9(g)").

To negotiate the Agreement, parties hired mediator Michael O'Brien ("O'Brien"). Unfortunately, the Agreement ultimately went awry, and parties

---

[1] Doc. 10-1 (Exhibit A).
[2] *Id.* at 5.

needed to submit a dispute related to the sale to arbitration. Plaintiff brought a motion to compel Defendants to pay for the arbitrator's fees, citing to the provision in § 9(g).[3]

Both parties argued that § 9(g) unambiguously favored them.[4] The Court disagreed, finding it ambiguous whether the provision included arbitration fees or not.[5] Defendants requested the opportunity to provide parol evidence if the Court found the term ambiguous,[6] and the Court obliged.[7]

Defendants have now submitted their parol evidence.[8] Plaintiffs' prior motion already included the parol evidence supportive to their side.[9] Based on the submitted parol evidence, as well as the language and structure of the contract, Plaintiff's motion to compel arbitrator's fees is denied.

## II. ANALYSIS

Contracts which are unambiguous on their face provide no opportunity to examine parol evidence tending to demonstrate the intended meaning of terms therein.[10] However, "[i]f the contract is ambiguous, then the fact finder may look to parol evidence to determine the contract's meaning," and, "[i]f examination of the

---

[3] Doc. 9 (Mot.).
[4] Doc. 10 (Br. in Supp.); Doc. 11 (Br. in Opp.).
[5] Doc. 12 (Memo.).
[6] Doc. 11 at 6,7.
[7] Doc. 12.
[8] Doc. 13 (Affidavit).
[9] Doc. 10.
[10] *Reliance Ins. Co. v. IRPC, Inc.*, 904 A.2d 912, 916 (Super. Ct. Pa. 2006).

parol evidence proves unfruitful, the court may then resort to rules of construction."[11]

Plaintiff contends that the language of § 9(g), that "[a]ll efforts and expense of effectuating the terms of this agreement shall be borne by TurnKey," unambiguously includes arbitrator's fees, while Defendants contend the opposite. As it is ambiguous whether this term includes arbitration fees or not, I will turn to the parties' submitted parol evidence. The submitted evidence demonstrates that parties did not intend to include arbitrator's fees in this provision.

As parol evidence, Plaintiff submitted a copy of the working draft of the Agreement, which includes parties comments to the provision at issue.[12] On § 9(g), one party commented, "other than a 3rd party accounting firm that will be managing revenue share can you be more specific to what other expenses and efforts this is in regards to?" to which the other party responded "[s]hipping costs for returning materials. O'[B]rien mentioned potentially needing legal support in finalizing or enforcing this agreement as well. I don't know what else exactly but this would be to catch anything that we all agree is necessary."[13]

---

[11] *Id.* (internal quotation omitted); *see also Chuy v. Phila. Eagles Football Club*, 595 F.2d 1265, 1271 (3d Cir. 1979).
[12] Doc. 10-2 (Exhibit B).
[13] *Id.* at 5.

Defendant's submissions included emails with O'Brien discussing § 9(g).[14] Parties had debated putting a cap of $5,000 on § 9(g).[15] The mediator, O'Brien, asked why the cap was necessary, expressing that "[he] would make sure that my fees and legal fees are covered by TurnKey, with all parties subject to the expenses."[16] Derek Montgomery explained his concern that TurnKey would be on the hook for high legal expenses incurred by other parties to the deal.[17] In response, the mediator explained that "[o]nly one firm will be hired by TurnKey. Anyone who wants to hire a lawfirm, it's their nickel."[18] Additionally, Defendants submitted an affidavit from Krystal Montgomery stating that parties did not intend § 9(g) to include arbitration fees.

The parol evidence indeed demonstrates that parties did not intend for § 9(g) to cover potential future legal expenses such as arbitration agreements.[19] Rather, it appears parties intended § 9(g) to cover the expenses of creating the Agreement, such as O'Brien's fees. O'Brien's message was clear: only one firm will be paid for by TurnKey. This would exclude payment for a second firm to conduct the arbitration.

---

[14] Doc. 13 (Affidavit).
[15] *Id.* at 4-5.
[16] *Id.* at 4-5.
[17] *Id.*
[18] *Id.* at 1.
[19] *See also Donnelly v. ProPharma Group Topco, LLC*, No. 21-894, 2023 WL 5528613, at *4 (D. Del. Aug. 28, 2023) (stating that "[c]ounsel need to use clear and unequivocal language to define when one of them is entitled to fees if the parties agreed to fee-shifting" and giving examples of clear language that would cover arbitration agreements).

Additionally, turning to the structure of the Agreement, parties could have contracted specifically and clearly to allocate future legal fees, such as arbitration, to TurnKey, but did not do so.[20] This is especially clear where § 9(j) of the Agreement includes a dispute resolution agreement provision that § 9(g) does not mention and that itself does not mention cost shifting provisions. The Court will not force an elephant into the mousehole of § 9(g), and, therefore, the motion to compel arbitrator's fees is denied.

### III. CONCLUSION

Plaintiff's motion to compel arbitration fees is denied.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[20] Defendants are correct that construing § 9(g) to include all potential future litigation expenses would lead to an absurd result where Plaintiff could willfully breach the Agreement, yet Defendants would remain on the hook for all legal fees. *See* Doc. 11 at 5-6. The Court will not contort the agreement to reach such an unreasonable result.